IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANA ORONA, and
MARY SHAW,

       Plaintiffs,

vs.                                                          Case No. 1:17-cv-01239 KWR/LF

BOARD OF COMMISSIONERS
FOR BERNALILLO COUNTY, and
ANGELA SENA[1],

       Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendants' Motion for Summary Judgment, filed on June 26, 2018 (**Doc. 22**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well-taken and, therefore, is **GRANTED.**

## **BACKGROUND**

This case arises out of a use of force incident between Plaintiffs (detention officers) and an inmate at the Bernalillo County Metropolitan Detention Center. Plaintiffs were injured in the incident and filed injury reports. Plaintiffs allege that Defendants violated their constitutional right to privacy by disclosing their personal and medical information to third parties.

Defendants moved for summary judgment in June 2018. The Court notes that this case is an unusual procedural posture. This case was transferred to the undersigned on January 8, 2020. Before this case was transferred, the Court held a summary judgment hearing in September 2018

---

[1] Defendant's correct name is Angela Sena-Henderson. **Doc. 22 at 1.**

and issued an order granting this Motion for Summary Judgment on March 15, 2019. **Doc. 40.** In that order, the Court stated it would issue a Memorandum Opinion and Order at a later time. *Id.* This is not the practice of the undersigned, as I only issue one order or opinion granting or denying a motion and generally do not hold hearings on summary judgment motions. In reviewing the order, the Court concludes that further reasoning was necessary. *See* Fed. R. Civ. P. 56(a) ("The court should state on the record the reasons for granting or denying the motion."). The previous order is vacated, and this opinion will constitute the sole reasoning of the Court in granting the motion. The Court has reviewed all briefing, the record, and the September 13, 2018 summary judgment hearing.

## LEGAL STANDARD

A motion for summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). As the Tenth Circuit has explained, "mere assertions and conjecture are not enough to survive summary judgment." *York v. AT&T*, 95 F.3d 948, 955 (10th Cir. 1996). To avoid summary judgment, a party "must produce specific facts showing that there remains a genuine issue for trial and evidence significantly probative as to any [material] fact claimed to be disputed." *Branson v. Price River Coal Co*., 853 F.2d 768, 771-72 (10th Cir. 1988) (quotation marks and citations omitted).

## UNDISPUTED MATERIAL FACTS

As explained below, for qualified immunity, the Court generally considers Plaintiffs' version of the facts that are well-supported by citations to the record. Because Plaintiffs did not submit their own version of the facts, but supplemented Defendants' facts, the Court will consider the parties' facts together. Plaintiffs are current or former detention officers at the Bernalillo County Metropolitan Detention Center ("MDC"). On October 19, 2015, Plaintiffs were involved in a use of force incident with a detainee. As a result of the altercation, Plaintiffs were injured.

Defendant Sena-Henderson formerly worked at MDC as a lieutenant until her retirement in July 2017. As the supervisor on duty, she was tasked with compiling and completing the first report of the incident and the use of force report. Per policy, the first report of injury for staff members is to be completed by the supervisor. **Doc. 22, Ex. D.** As part of her duties, Sena-Henderson obtained written reports from the detention officer participants, including Plaintiffs.

Plaintiffs completed accident and injury reports. Defendant Sena-Henderson prepared the supervisor's report of injury forms. These forms contained the injured employee's name, address, social security number, date of birth and phone number.

Sena-Henderson was placed on routine administrative leave with pay while she was completing the use-of-force report, because of her involvement in the incident. Sena-Henderson was allowed to come back and complete the use-of-force report, and then went back on leave. Sena-Henderson then provided the use of force report with attachments to the MDC Civil Litigation department. This included the supervisor's report of injury forms.

Plaintiffs assert that Sena-Henderson should not have submitted the report directly to MDC Civil Litigation. Rather, Sena-Henderson should have submitted the use of force report, without the injury report, to her supervisor Captain Alvarado. Captain Alvarado would then send it to

3

MDC Civil Litigation. Plaintiffs assert that the injury report should only be sent to the MDC Risk Management department. **Doc. 32 at ¶ 19.**

Following submission of the use of force report, it is inputted into the internal computer system. Sena-Henderson did not input the use of force report and attachments into the internal computer system. She also did not provide the use of force report or injury report, or the Plaintiffs' personal or medical information, to any third party, but only to MDC Civil Litigation.

Sena-Henderson had no involvement in responding to requests for MDC records made under the New Mexico Inspection of Public Records Act or in the disclosure of personal and medical information to anyone except the MDC Civil Litigation Department. As a lieutenant at MDC, Sena-Henderson was not a policymaker.

IPRA requests at the time were handled by Nataura Powdrell-Moore, the MDC Public Information Officer and custodian of public records. On or about March 11, 2016, MDC Sgt. Cavis made a written IPRA request to MDC including all documentation pertaining to the use of force incident. This included the use of force report and injury report completed by Sena-Henderson. Ms. Powdrell Moore received a burnt disc with the requested documents from MDC Civil Litigation. Ms. Powdrell-Moore did not review the burnt disk because the IPRA request was made by an MDC staff member. Ms. Powdrell-Moore made the documents responsive to the IPRA request, including the use of force report with the injury report, available for Sgt. Cavis.

Sena-Henderson had no involvement in responding to the IPRA request and she was not Ms. Powdrell-Moore's supervisor. At all times, Bernalillo County did not have a policy to intentionally release information to the public regarding incidents between MDC officers and MDC inmates.

## DISCUSSION

I.  **Defendant Sena-Henderson is entitled to qualified immunity.**

   A.  **Qualified Immunity Standard.**

Defendant Sena-Henderson has asserted the defense of qualified immunity, which shields government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Romero v. Story*, 672 F.3d 880 (10th Cir. 2012).

When a defendant moves for summary judgment on the basis of qualified immunity, the plaintiff bears a heavy two-fold burden. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). The plaintiff must put forward evidence showing (1) that the defendant violated plaintiff's constitutional rights, and (2) the right at issue was clearly established at the time of the violation. *Id*. If the plaintiff fails to establish either part of the two-part inquiry, the court must grant the defendant qualified immunity. *Id.*

"In determining whether the plaintiff meets this burden, [the Court] ordinarily accept[s] the plaintiff's version of the facts—that is, the facts alleged." *Halley v. Huckaby*, 902 F.3d 1136, 1144 (10th Cir. 2018) (quotation marks omitted). However, Plaintiffs' versions of the facts must find support in the record. *Id.* If Plaintiffs meet their qualified immunity burden, the Court then conducts a standard summary judgment analysis considering both parties' facts and records. *Id.*, citing *Koch v. City of Del City*, 660 F.3d 1228, 1238 (10th Cir. 2011).

   B.  **Right to privacy from governmental disclosure of personal information.**

The parties appear to agree that there is a right to privacy from the governmental disclosure of personal information. However, the Court notes that recent cases have thrown into question the right to privacy from such disclosure. *See Leiser v. Moore*, 903 F.3d 1137, 1144 (10th Cir. 2018)

(the Tenth Circuit recently recognized that the Supreme Court "has never held that there is a constitutional right to prevent government disclosure of private information."); *see also Glenn v. Davis Sch. Dist.*, No. 1:19-CV-00008-DAK, 2019 WL 5423728, at *8 (D. Utah Oct. 23, 2019). For purposes of this ruling only, the Court assumes that there is a right to privacy from Government disclosure of medical information.

The Tenth Circuit has held that "[d]ue process ... implies an assurance of confidentiality with respect to certain forms of personal information possessed by the state." *Sheets v. Salt Lake Cty.*, 45 F.3d 1383, 1387 (10th Cir. 1995). To state a claim for violation of the right to privacy from governmental disclosure of personal information, Plaintiffs must show that (1) the information is entitled to a legitimate expectation of confidentiality, and (2) disclosure of such information advances a compelling state interest which must be accomplished in the least intrusive manner. *Sheets*, 45 F.3d at 1387-88. Later Tenth Circuit cases have found that "disclosures are prohibited only when they shock the conscience." *Leiser v. Moore*, 903 F.3d 1137, 1144 (10th Cir. 2018).

### C. **Plaintiffs failed to show personal involvement of Defendant Sena-Henderson in a constitutional violation.**

Plaintiffs argue that Defendant Sena-Henderson violated Plaintiffs' right to privacy by disclosing their personal and medical information. Defendant Sena-Henderson argues that her actions did not amount to a violation of Plaintiffs' right to privacy and that she otherwise was not personally involved in any constitutional violation. The Court agrees with Defendant Sena-Henderson and concludes that Plaintiffs failed to show that she was personally involved in the alleged constitutional violation.

Plaintiffs must show Defendant Sena-Henderson's "direct personal responsibility" for the claimed constitutional violation. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 768 (10th Cir. 2013). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. It is not enough that Defendant acted in a passive supervisory role when the Plaintiffs' constitutional rights were violated. *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010).

Rather, they must show an "affirmative link" between Sena-Henderson and the constitutional violation, through the following elements: (1) personal involvement, (2) sufficient causal connection, and (3) state of mind. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

The undisputed facts show that Defendant Sena-Henderson submitted the use of force report, along with a workers' compensation injury report containing Plaintiffs' personal and medical information, to the MDC Civil Litigation department. Plaintiffs argue that the injury report should have been sent to the MDC Risk Management department instead.

Plaintiffs do not explain how the filing of the injury report with the MDC Civil Litigation rather than MDC Risk Management constitutes a violation of their right to privacy. They also do not cite to any cases holding that internal disclosure to the Civil Litigation department constitutes a violation of an employee's right to privacy. *See, e.g., Sheets v. Salt Lake Cty.*, 45 F.3d 1383, 1388 (10th Cir. 1995) (distinguishing between public disclosure compared to disclosure to a limited group for "what one perceives to be a limited and proper purpose"). The Court concludes that such action does not constitute a violation of the right to privacy. Moreover, it appears that

none of Defendant Sena-Henderson's actions caused the disclosure of Plaintiffs' personal information to the public or Sgt. Cavis.

Plaintiffs summarily argue that their personal and medical information was disclosed to the public, but this is not supported in the parties' statement of facts. To the extent Plaintiffs' personal and medical information were disclosed to the public, defense attorneys, or the media, the Court concludes that Defendant Sena-Henderson was not personally involved in that alleged constitutional violation. Rather, Plaintiffs admit that the extent of Defendant Sena-Henderson's involvement was sending the use of force report and injury report to MDC Civil Litigation. *See* **Doc. 22 ¶ 18; Doc. 32, ¶ 18 (admitting fact).** Defendant Sena-Henderson did not participate in responding the IPRA request that resulted in any disclosure of the reports. **Doc. 22, ¶¶ 28-29, 31, 37; Doc. 32 ¶¶ 28-29, 31, 37 (admitting facts).** As Plaintiffs admit, the MDC Civil Litigation department, not Defendant Sena-Henderson, provided the documents in response to the IPRA request. **Doc. 22, ¶31; Doc. 25, Ex. A, ¶ 15-17.**

With the MDC Civil Litigation's and the MDC Public Information Officer's superseding actions in releasing the information, and Sena-Henderson's lack of participation, the Court concludes that Sena-Henderson did not personally participate in or exercise any supervisory control over the alleged violation of Plaintiffs' constitutional right of privacy.

Rather, it is unclear why the MDC Civil Litigation department, which is responsible for responding to IPRA requests, did not redact the personal information. To the extent Defendant Sena-Henderson was negligent in sending the injury report to the wrong internal department, that generally does not rise to the level of a due process violation. *Gray v. Univ. of Colorado Hosp. Auth.*, 672 F.3d 909, 929 (10th Cir. 2012) (due process guarantee only applies to deliberate, not negligent, decisions).

Therefore, the Court concludes that Plaintiffs failed to show that Defendant Sena-Henderson violated Plaintiffs' constitutional rights.

D. <u>**Constitutional Violation was Not Clearly Established**</u>.

Alternatively, the Court concludes that Plaintiffs failed to satisfy their burden on the clearly established prong of qualified immunity. Here, Defendant Sena-Henderson asserted qualified immunity and specifically the clearly established prong. **Doc. 22, p. 14.²** Therefore, Plaintiffs bear the burden of citing to case law and articulating the clearly established right they claim had been violated. *See Thomas v. Durastanti,* 607 F.3d 655, 669 (10th Cir. 2010); *Martinez v. Carr*, 479 F.3d 1292, 1295 (10th Cir. 2007) ("[T]he record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." (internal quotation marks omitted)). In analyzing clearly established law, the Court looks at the cases cited by Plaintiff to determine whether those cases can serve as clearly established law. *See, e.g., A.M. v. Holmes*, 830 F.3d 1123, 1154 (10th Cir. 2016) (granting qualified immunity where "neither of Plaintiff's cited sources can serve as the clearly established law governing this First Amendment retaliation claim.").

"The law is clearly established if there is a Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, that has found the law to be as the plaintiff maintains." *Gadd v. Campbell*, 2017 WL 4857429, at *4 (10th Cir. 2017). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, ⸺ U.S. ⸺, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (per curiam) (internal quotation marks omitted). "Clearly established law should not be defined at

---

² Although Defendants appear to concede in the reply that a broad right to privacy from governmental disclosure of personal information is clearly established, that did not relieve Plaintiffs from identifying, in their response, clearly established law *particular to the facts of this case*.

a high level of generality." *White v. Pauly*, –– U.S. ––, 137 S.Ct. 548, 552, 196 L.Ed.2d 463 (2017) (internal quotation marks omitted). Instead, "the clearly established law must be 'particularized' to the facts of the case." *Id.*

To satisfy their burden of citing to clearly established law, Plaintiffs cite to various state and federal statutes; *Sheets v. Salt Lake City*, 45 F.3d 1383, 1387 (10th Cir. 1995); and district court cases.

The Court concludes that the only Tenth Circuit or Supreme Court case cited by Plaintiffs - *Sheets v. Salt Lake City*, 45 F.3d 1383, 1387 (10th Cir. 1995) – is not factually on point. It does not address the situation here where Defendant Sena-Henderson sent a workers compensation injury report to the wrong internal department of the MDC, and did not herself disclose the information to the public. Rather, Plaintiffs admitted at the summary judgment hearing that there was no on point case in the Tenth Circuit.

Therefore, the Court concludes that Plaintiffs failed to carry their burden of citing to clearly established law, and the Court finds that Defendant Sena-Henderson is entitled to qualified immunity. *See Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015) (plaintiff failed burden under qualified immunity by failing to cite to any Supreme Court or Tenth Circuit opinion that would indicate right was clearly established); citing *Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010) ("The plaintiff bears the burden of citing to us what he thinks constitutes clearly established law."); *Gutierrez v. Cobos*, 841 F.3d 895, 906-907 (10th Cir. 2016) (plaintiff failed to meet burden where they did not cite to legal authority for clearly established law).

Rather, it appears that Plaintiffs argue that Defendant Sena-Henderson violated internal MDC procedures by attaching (1) the injury report containing their personal medical information to the use-of-force report and (2) sending the report to the MDC Civil Litigation Department. **Doc.**

**25-1, 25-2.** Even if she did violate internal procedures, this does not amount to a violation of clearly established law. *Herring v. Keenan*, 218 F.3d 1171, 1180 (10th Cir. 2000) ("This court has held, however, that the fact that an official discloses information in violation of his own internal procedures does not make the disclosure a violation of a clearly established constitutional right to privacy."), *citing Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 647 (10th Cir.1988) *and Davis v. Scherer,* 468 U.S. 183, 194, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984) ("[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision.").

Alternatively, the Court notes that recent Supreme Court and Tenth Circuit cases have thrown into question the right to privacy from governmental disclosure of personal information. *See Leiser v. Moore*, 903 F.3d 1137, 1144 (10th Cir. 2018), *citing NASA v. Nelson*, 562 U.S. 134, 138, 131 S.Ct. 746, 178 L.Ed.2d 667 (2011). These cases did not expressly overrule prior cases on this constitutional right. However, given the uncertainty surrounding the right to privacy from disclosure of personal information, it cannot be said that under the circumstances in this case the alleged violation was clearly established. *See Leisler*, 903 F.3d at 1144-45 (disclosure of inmate's cancer diagnosis to family and friends did not violate clearly established right to privacy), *cited in Glenn v. Davis Sch. Dist.*, No. 1:19-CV-00008-DAK, 2019 WL 5423728, at *9 (D. Utah Oct. 23, 2019) (finding no clearly established violation given uncertainty recognized in *Leiser v. Moore*).

## II. *Monell* **claim against Defendant Bernalillo County Board of Commissioners Fails.**

Plaintiffs assert that Defendant Bernalillo County is also liable for violating their constitutional right to privacy from governmental disclosure of their personal information. "To establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged… In addition, a

municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Therefore, the Court "require[s] a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (internal citations and quotation marks omitted). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a *direct causal link* between the municipal action and the deprivation of federal rights." *Id.* (internal citations and quotation marks omitted).

Initially, the *Monell* claim fails because Plaintiffs failed to show any constitutional violation by Bernalillo County's employees or officers. Plaintiffs' constitutional claim against Defendant Sena-Henderson fails, and they did not argue that anyone else violated their constitutional rights. On that ground alone, the *Monell* claim fails. *See Apodaca v. Rio Arriba County Sheriff's Dept.*, 905 F.2d 1445, 1447 (10th Cir. 1990) (a municipality may not be held liable where there is no underlying constitutional violation by any of its officers (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (where an individual law enforcement officer is entitled to qualified immunity on the ground that his or her conduct did not violate the law, it is proper to dismiss claims against the municipality)

Moreover, Plaintiffs fail to point to any policy or custom to unconstitutionally disclose the personal and medical information of its employees. Rather, the undisputed facts show that Bernalillo County did not have a policy to intentionally release information to the public regarding incidents between MDC officer and inmates. **Doc. 22, ¶ 38.** Plaintiffs attempted to dispute this fact by pointing to MDC's Request for Information policy. *See* **Doc. 25-5; Doc 32 ¶ 38.** That

policy merely states that "[i]t is also the facility's policy to respond to requests for information in accordance with applicable laws, County ordinances and County directives and to grant media representatives access to the facility." **Doc. 25-5 at 1.** Plaintiffs do not point to anything in this policy that is unconstitutional, or that encourages the release of personal information of MDC employees.

Moreover, there is no causal link between the policy and Defendant Sena-Henderson's alleged unconstitutional actions. Rather, Plaintiffs assert that, based on their training and procedures, an officer's injury report containing an officer's personal information and medical information is not sent directly to MDC Civil Litigation. **Doc. 25-1 (Ex. A), p. 2 of 4; Doc. 25-2, p. 2 of 4.** Plaintiffs appear to attribute a mistake by Defendant Sena-Henderson as an unconstitutional policy by Bernalillo County. The Court disagrees.

### III.     Plaintiffs' Fed. R. Civ. P. 56(d) affidavit.

Plaintiffs included a Rule 56(d) affidavit attached to their response to the motion for summary judgment. Rule 56(d) provides:

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Normally, a Rule 56(d) request is treated liberally. *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990). However, where the summary judgment motion is grounded in the defense of qualified immunity, the Court's otherwise broad discretion under Rule 56(d) is circumscribed. *Lewis*, 903 F.2d at 758;

Because "the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved *prior to discovery,* there is a strong policy justification for staying discovery and for refusing requests for additional

13

discovery once a defendant invokes qualified immunity as a defense." *Martin v. Cty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (internal citations and quotation marks omitted). The burden is on the nonmovant to show that the additional discovery is necessary. *Martin*, 626 Fed. Appx. at 740.

A party requesting additional discovery under Rule 56(d) "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (alteration in original) (quotations omitted). When the summary judgment motion is based on qualified immunity, the non-movant's Rule 56(d) affidavit must also "demonstrate a connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion." *Lewis v. City of Ft. Collins*, 903 F.2d 752, 754 (10th Cir. 1990) (alteration in original) (quotations omitted).

Here, Plaintiffs have not shown that additional discovery would help them obtain facts essential to justify their opposition to qualified immunity. Plaintiffs have not explained what information has been discovered to them so far and why it is insufficient. Rather, Plaintiffs' Rule 56(d) request is overly broad. Many of the requests in the affidavit do not appear to be relevant or material to the legal issues decided above.

Moreover, the specific requested information would not help Plaintiffs overcome qualified immunity. *See Martinez v. Lucero*, 2012 WL 2175772, at *30 (D.N.M. May 31, 2012)(Browning, J.)("Because the information sought would not alter the Court's decision on either absolute or qualified immunity, the Court will deny the request for discovery pursuant to rule 56(d)."). For example, Plaintiffs seek to depose Sena-Henderson on the assertions she made in her affidavit.

Plaintiffs do not seek new discovery, but an opportunity to cross-examine Sena-Henderson on her statements in her affidavit. *See Gomez v. Martin*, 593 F. App'x 756, 761 (10th Cir. 2014) ("Mr. Gomez fails to articulate why such facts would have been discovered by deposing Martin and why he was not able to ask these questions in the allowed interrogatories and requests for production.").

However, Plaintiffs have already admitted to many of the material facts in Defendants' motion that are relevant to qualified immunity. The qualified immunity decision above was based in part on Plaintiffs' facts asserted in their affidavit. Therefore, the Court concludes that Plaintiffs' requested additional discovery does not seek discovery of material facts that would alter the outcome of the qualified immunity decision above. *See, e.g, Martin v. Cty. of Santa Fe*, 626 F. App'x 736, 741 (10th Cir. 2015) ("These purported fact issues, however, are either not genuinely disputed or are not relevant to Defendants' qualified-immunity defense.")

## CONCLUSION

For the reasons stated above, the claims against the Defendants are dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion Summary Judgment **(Doc. 22)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against the Defendants are **DISMISSED WITH PREJUDICE.**

A separate judgment will be issued.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE